Bennett v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-023-CR

     PAUL JOSEPH BENNETT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 28452
                                                                                                    

O P I N I O N
                                                                                                    

      Paul Bennett appeals his conviction for aggravated sexual assault


 and four counts of
indecency with a child.


 He was found guilty by a jury, and the court assessed a life sentence for
the aggravated sexual assault conviction and four concurrent twenty-year sentences on the separate
counts of indecency with a child.
      In point one, Bennett contends that the court erred in failing to submit his requested jury
charges on homosexual conduct,


 public lewdness,


 and indecent exposure


 or his requested
instruction on lesser included offenses. A charge on a lesser-included offense must be submitted
if two requirements are met: first, the lesser-included offense must be included within the proof
necessary to establish the offense charged; and, second, there must be some evidence in the record
that, if Bennett is guilty, he is guilty only of the lesser offenses.


 Bennett does not point to any
evidence that, if he is guilty, he is guilty only of the lesser offenses. As a result, without
determining whether the elements of the requested offenses are within the proof necessary to
establish the offense charged, we overrule point of error one.
      In point three, Bennett contends that the court erred in granting the State's motion for
continuance. Following several pretrial hearings, Bennett's case was scheduled to be tried before
a jury on November 4, 1991. When the case was called for trial, the State made the following oral
motion:
Your Honor, The State is coming now and moving for continuance in this cause due
to the fact the first count in the indictment has alleged a second degree felony, when the
facts are going to show a first degree felony, that the child was under the age of 14 years. 
This case needs to be reindicted and we move for continuance this morning.

      Bennett's attorney objected that the defense was ready for trial, that the defense witnesses
were ready, that defense counsel had a motel room for the week, and that a continuance would be
"extremely inconvenient." He requested that the court proceed with the trial as originally indicted,
but the court granted the State's motion. Bennett now argues on appeal that the continuance was
improper because the State's oral, unsworn motion violated article 29.03 and article 29.08 of the
Texas Code of Criminal Procedure.


 A point of error presented on appeal must be the same as
the objection raised at trial.


 Because Bennett's objection at trial differs from his point of error
on appeal, we overrule point of error three.
      In point two, Bennett contends that the court erred in proceeding to trial over his objection
that the State failed to notify defense counsel of the new indictment. The case was scheduled for
trial under the new indictment on January 13, 1992. On January 9, 1992, the parties appeared
before the court and Bennett's attorney announced ready for trial under the new cause number. 
At a pretrial hearing on the day of trial, however, Bennett moved the court to quash the second
indictment that was returned by the grand jury on November 14, 1991. Bennett's attorney
complained that he had not received a copy of the second indictment and that one had not been
delivered to his office. After referring to the case file, however, the court determined that Bennett
was personally served with a copy of the new indictment on December 11, 1991.


 The prosecutor
informed the court that the District attorney's office had an open-file policy and that she had
spoken with the defense attorney about the new indictment on three prior occasions. Bennett then
acknowledged that he was aware that a change had been made in the indictment. He argued,
however, that he was entitled to a copy because, at the arraignment hearing, the trial court ordered
that a copy of the new indictment be delivered to him.
      Finding that Bennett had been personally served on December 11, 1991, and the indictment
had been a public record since November 14, 1991, the court overruled Bennett's motion to quash. 
The personal service of the new indictment complied with article 25.01 of the Texas Code of
Criminal Procedure and Bennett's attorney had actual knowledge of the new indictment. As a
result, Bennett had sufficient notice of the new indictment prior to trial.


 Furthermore, we
determine beyond a reasonable doubt that, if any error resulted from the prosecutor's failure to
serve defense counsel with a copy of the new indictment, the error made no contribution to
Bennett's conviction or punishment.


 We overrule point of error two.
      In point four, Bennett complains that the court erred during the punishment phase by
overruling his objection to the testimony of the victim in another charge of indecency with a child
pending against Bennett in Tarrant County. The court overruled his objection and stated, "The
Court will exclude anything that's not proper." In Blackwell v. State,


 this court held that
extraneous unadjudicated offenses were inadmissible in non-capital trials. In this case, however,
the punishment phase was tried before the court, and it is presumed that the court disregarded any
inadmissible evidence admitted at trial.


 As a result, Bennett carries the burden of proving that
the trial court relied upon or even considered the inadmissible evidence in determining
punishment.


 When there is nothing to show that the judgment was based upon inadmissible
evidence, the judgment will not be reversed on the ground of the admission of incompetent
evidence if sufficient proper evidence was admitted to sustain the judgment.


 In this case the
prosecutor re-offered all of the evidence that was introduced during the guilt-innocence phase of
the trial, which included testimony from the four boys abused by Bennett. Furthermore, the trial
judge stated on the record that he had not taken into account the cases that were pending in Tarrant
County or that were extraneous to the offenses charged in this case. Because Bennett has failed
to overcome the presumption that the evidence of extraneous unadjudicated offenses were not
considered by the court, we overrule point of error four.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed October 30, 1992
Do not publish